# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **Veronica Rodriguez,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:26-cv-00583-RP-SH** |
| | § | |
| **Rent Recovery Solutions, LLC,** | § | |
| *Defendant* | § | |

## ORDER

Before the Court are Plaintiff Veronica Rodriguez's Complaint (Dkt. 1) and Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), both filed March 11, 2026.[1]

## I.    Application to Proceed *In Forma Pauperis*

Rodriguez seeks leave under 28 U.S.C. § 1915(a)(1) to file her Complaint without prepaying the filing fee or costs. Dkt. 2. Under § 1915(a)(1), a court may permit a plaintiff to file an action "without prepayment of fees or security therefor" if she shows by affidavit that she cannot pay such fees or security. Section 1915(a) "is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay . . . statutory filing costs." *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). In making an *in forma pauperis* determination, a court should consider whether an applicant may pay the filing fee without suffering undue financial hardship. *Id.*

After reviewing Rodriguez's application, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** her application to proceed *in forma pauperis*. The Court grants *in forma pauperis* status subject to a later determination that this action

---

[1] The District Court referred this case to this Magistrate Judge for disposition of the Application and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 3.

1

should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious under 28 U.S.C. § 1915(e)(2). Rodriguez also is informed that although she has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II.      Review under Section 1915(e)(2)(B)

Because Rodriguez has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under 28 U.S.C. § 1915(e)(2). A court shall dismiss a complaint filed *in forma pauperis* if the court concludes that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

In deciding whether a complaint states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint fails to state a claim under § 1915(e)(2)(B) "when it lacks sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Carmouche v. Hooper*, 77 F.4th 362, 366 (5th Cir. 2023) (quoting *Iqbal*, 556 U.S. at 678). The Court liberally construes the pleadings of litigants who, like Rodriguez, proceed *pro se*. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Rodriguez sues Defendant Rent Recovery Solutions, LLC under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. To plead a viable FDCPA claim, a plaintiff must allege that (1) she has been the object of collection activity arising from a consumer debt;

(2) the defendant is a debt collector defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Griffin v. O'Brien, Wexler, & Assocs., LLC*, 680 F. Supp. 3d 772, 782 (E.D. Tex. 2023). Rodriguez alleges that she is the object of collection activity arising out of a consumer debt and that Rent Recovery is a debt collector under the FDCPA and that it violated §§ 1692c(c) and 1692e. Dkt. 1 ¶¶ 11-13, 30-31.

Under § 1692c(c), if a consumer notifies a debt collector in writing that the consumer refuses to pay a debt, "the debt collector shall not communicate further with the consumer with respect to such debt" unless certain exceptions apply. Rodriguez alleges that she mailed Rent Recovery a letter stating her refusal to pay the debt at issue, and that Rent Recovery received the letter November 18, 2025. Dkt. 1 ¶ 14; Dkt. 1-3. She also alleges that Rent Recovery mailed her a letter on November 24, 2025 that included information regarding the debt and the alleged balance. Dkt. 1 ¶¶ 17-18; Dkt. 1-4. Rodriguez alleges that the letter did not fall under an exception to the § 1692c(c) communication bar and was prohibited by the FDCPA. Dkt. 1 ¶¶ 19-21.

Section 1692e prohibits the use of "any false, deceptive, or misleading representation or means in connection with the collection of any debt." The section furnishes a nonexclusive list of prohibited practices, including any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. 15 U.S.C. § 1692e(10). Rodriguez alleges that by sending the November 24, 2025 letter, Rent Recovery "falsely implied that it retained a lawful right to continue collection communications," and that by continuing collection activity after receiving her notice of refusal to pay, it engaged in "false, deceptive, and misleading representations" in violation of § 1692e. *Id.* ¶¶ 23, 31.

This Magistrate Judge finds that Rodriguez's allegations are sufficient at this stage and does not recommend dismissal for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

### III.     Conclusion

The Court **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff's Complaint to be filed without prepayment of fees or costs or giving security therefor under 28 U.S.C. § 1915(a)(1).

The Court **ORDERS** the Clerk of Court to issue summons in this case and the United States Marshals Service to attempt service without prepayment of a service fee.

The Court further **ORDERS** the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

**SIGNED** on April 15, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4